UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES J. JACKSON,

    Plaintiff,

v.                                  CASE NO. 6:13-cv-1268-Orl-37GJK

LAWSON LAMAR, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, a prisoner seeking to proceed *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).  Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:

> (b)     Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)     seeks monetary relief from a defendant who is immune from such relief.

Thus, the courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff has brought this action against Lawson Lamar, a former State Attorney; Stephen Brown, an Assistant State Attorney; and Roger Weeden, Plaintiff's defense counsel (collectively "Defendants"). Plaintiff asserts that Defendants Lamar and Brown violated his constitutional rights by maliciously prosecuting him and allowing him to be returned to prison "on a nonexistent conviction." (Doc. No. 1 at 5.) Plaintiff also contends that Defendant Weeden failed to adequately pursue a motion to dismiss the charges after the Fifth District Court of Appeal of Florida remanded his criminal case for a new trial. *Id.* Plaintiff maintains that he was illegally incarcerated from December 28, 2008, through September 9, 2010. *Id.* at 6.

Prosecutors are immune from suit under section 1983 for acts taken during the course of their duty as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (prosecutors enjoy absolute immunity from suits relating to the initiation and pursuit of criminal prosecution, alleging malicious

2

prosecution, regarding appearances before the court, and stemming from the prosecutor's function as an advocate). Therefore, Defendants Lamar and Brown are cloaked with absolute immunity for the alleged improper activities which were associated with the judicial proceedings or prosecution of Plaintiff's case. *See Allen v. Thompson*, 815 F.2d 1433, 1434-1435 (11th Cir. 1987).

Likewise, "[a]n attorney, whether appointed by the state or privately retained, 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Amaro v. Vedder*, 317 F. App'x 193, 194 (3rd Cir. 2009) (quoting *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981)); *see also Wilson v. Dollar-Thrifty Auto Group-South Fla Transport*, 286 F. App'x 640, 642 (11th Cir. 2008). Thus, Plaintiff's claim against Defendant Weeden must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim.
2. The Clerk of the Court is directed to terminate any pending motions.
3. The Clerk of Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida this 28th day of August, 2013.

ROY B. DALTON JR.
United States District Judge

Copies to:

OrlP-1 8/28
James J. Jackson